UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL } | |
| INSURANCE COMPANY, } | |
| } | |
| Plaintiff, } | |
| } | CASE NO. 3:08-cv-02039-SLB |
| v. } | |
| } | |
| BRIAN HOMES, INC., } | |
| } | |
| Defendant. } | |

## FINDINGS AND CONCLUSIONS

This case is currently before the court on plaintiff Harleysville Mutual Insurance Company's ("Harleysville") written motions (Docs. 9 and 11), supported by affidavits, for Judgment by Default against defendant Brian Homes, Inc. ("Brian Homes"), pursuant to Rule 55 of the Federal Rules of Civil Procedure.[1]  The court makes the following findings and conclusions:

1.  Brian Homes is named in a lawsuit in the Circuit Court of Madison County, styled *Ronald and Karen Waterford, et. al., v. Brian Homes, Inc., et. al.*, CV-02-1068 [hereinafter the *Waterford* lawsuit], where numerous plaintiffs seek compensatory and punitive damages relating to the construction of their homes or the installation of septic tanks at their homes.[2]  (Doc. 4 at 2, ¶ 4.)  Brian Homes demanded that Harleysville defend

---

[1] "Doc. ___" refers to the document number that the Clerk of the Court assigns to a filing when it is made.

[2] The plaintiffs in the underlying state lawsuit include Jesse and Anna Granberry, Curtis and Teresa Murphy, Robert and Shirley McDaniel, Leon Cunningham, Jimmie and Janis Harris,

and indemnify it in the *Waterford* lawsuit; Harleysville is doing so under a reservation of rights. (*Id.* at ¶ 6.)

2. Harleysville alleges that a controversy exists between it and Brian Homes under the general commercial policies of insurance, policy numbers MPA 1D5921 and MPA 6E0306, and under the umbrella policy, policy number BE 6E0306, because Brian Homes refuses to cooperate in the defense of the *Waterford* lawsuit, in violation of the express terms of the policies.[3] (*Id.* at 3, ¶¶ 10-11.) In addition, a trial was held on the claims of plaintiffs Robert and Shirley McDaniel. (*Id.* at 2, ¶ 8.) Harleysville asserts that despite notice of the trial, Brian Homes failed to appear and assist in the defense of the case, and the jury returned a verdict against Brian Homes in the amount of $82,000 plus court costs. (*Id.*)

3. On October 30, 2008, Harleysville filed its Complaint against Brian Homes in this court, seeking a declaratory judgment pursuant to the provisions of 28 U.S.C. § 2201 (2006). (Doc. 1; Doc. 5, Ex. A at 1, ¶ 4.)

4. Harleysville attempted service of the Summons and Complaint by certified mail at five separate addresses, but service was not perfected at any of the addresses.[4]

---

Zachary and Sandra Fairs, Dean Ella Pella, and R. Dean and Lisa Gayman. (Doc. 4 at 2, ¶ 5.)

[3] The insurance policies at issue state, in pertinent part, that Brian Homes "must . . . [c]ooperate with [Harleysville] in the investigation or settlement of the claim or defense against the 'suit.'" (*See* Doc. 4 at 3, ¶ 11.)

[4] The certified mail was erroneously accepted at one of the addresses. That individual, however, subsequently notified the court that he had long resigned as the registered agent for

(Doc. 5, Ex. A at 1, ¶ 5; Doc. 9 at 1, ¶ 2.)

    5.    On December 15, 2008, Harleysville filed its First Amended Complaint for Declaratory Judgment.  (Doc. 4.)

    6.    Harleysville attempted service of the Summons and Amended Complaint by certified mail at five additional addresses, but service was again not perfected at any of the addresses.[5]  (Doc. 5, Ex. A at 2, ¶¶ 6-7; Doc. 9 at 1, ¶ 3.)

    7.    On January 20, 2009, Harleysville filed a Motion for Service by Publication. (Doc. 5.)  This court granted the motion on April 1, 2009.  *See* Order, *Harleysville Mut. Ins. Co. v. Brian Homes, Inc.*, No. 3:08-cv-02039-SLB (N.D. Ala. filed Apr. 1, 2009).

    8.    On April 6, 2009, the Clerk of the Court issued a Notice of Service by Publication.  (Doc. 7.)  The Notice stated that defendant Brian Homes was "required to answer the Complaint on or before June 1, 2009 by filing its Answer with the Clerk." (*Id.*)

    9.    On May 22, 2009, Harleysville filed its Notice of Service by Publication and attached the affidavit of Marcey Brown, Legal Advertising Representative of *The Huntsville Times*, attesting to service by publication as directed by the court.  (Doc. 8.)

---

service of process for Brian Homes.  The individual had no knowledge of how to contact anyone from Brian Homes.  (*See* Doc. 3; Doc. 5, Ex. A at 1, ¶ 5; Doc. 9 at 1 n.1.)

    [5] One of the certified letters was actually delivered, but that individual thereafter notified the court that they were not authorized to accept service of process for Brian Homes and that the letter was accepted by mistake.  (Doc. 5, Ex. A at 2, ¶ 7; Doc. 9 at 2 n.2.)

10. On July 8, 2009, Harleysville filed a Motion for Default Judgment. (Doc. 9.)

11. On August 31, 2009, the Clerk of the Court entered a default against Brian Homes. (Doc. 10.)

12. On September 8, 2009, Harleysville filed a Motion for Judgment on Clerk's Entry of Default. (Doc. 11.) That Motion requested that this court enter the same order as requested in Harleysville's Motion for Default Judgment. (Doc. 9; Doc. 11.)

13. To date, Brian Homes has failed to appear or otherwise answer the Amended Complaint.

14. Brian Homes is not a minor or incompetent person, nor has it been in the military service of the United States since the filing of this suit or for a period of six months prior to such filing.

15. In their well-pleaded Amended Complaint, Harleysville asserts that because Brian Homes has breached the general commercial policies of insurance, as well as the umbrella policy, this court should declare the following:

> (1) there is no coverage available under policies of insurance numbered MPA 1D5921, MPA 6E0306 or BE 6E0306 for the claims against Brian Homes made in *Ronald and Karen Waterford, et al., v. Brian Homes, Inc., et. al.*, filed in the Circuit Court of Madison County, civil action number CV-02-1068; (2) that Harleysville has no duty to defend Brian Homes in the *Waterford* lawsuit, or any claim asserted thereunder, pursuant to policies of insurance numbered MPA 1D5921, MPA 6E0306 or BE 6E0306; (3) that Harleysville has satisfied all obligations under policies of insurance numbered MPA 1D5921, MPA 6E0306 and BE 6E0306; and (4) that Harleysville has no duty or obligation to indemnify Brian Homes, Inc., under policies of insurance numbered MPA 1D5921, MPA 6E0306 and BE 6E0306, for the judgment of $82,000 plus costs in favor of

Robert and Shirley McDaniel, entered in the *Waterford* lawsuit. (Doc. 4 at 5, ¶ 22.)  Because Brian Homes has failed to defend against these allegations and is in default, the court finds that it has admitted such facts.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

Upon consideration of the record, the submissions of the plaintiff, the supporting affidavits, and the relevant law, the court is of the opinion that Harleysville's Motion for Default Judgment (Doc. 9) and Motion for Judgment on Clerk's Entry of Default (Doc. 11) are due to be granted.  Harleysville's first request that this court declare that there is no coverage available under policies of insurance numbered MPA 1D5921, MPA 6E0306, and BE 6E0306 for the claims against Brian Homes made the *Waterford* lawsuit, is due to be granted.  Its second request that this court declare that Harleysville has no duty to defend Brian Homes in the *Waterford* lawsuit, or any claim asserted thereunder, pursuant to policies of insurance numbered MPA 1D5921, MPA 6E0306, and BE 6E0306, is due to be granted.  Harleysville's third request that this court declare that it has satisfied all obligations under policies of insurance numbered MPA 1D5921, MPA 6E0306, and BE 6E0306, is due to be granted.  Finally, its fourth request that this court

declare that Harleysville has no duty or obligation to indemnify Brian Homes under policies of insurance numbered MPA 1D5921, MPA 6E0306, and BE 6E0306, for the judgment of $82,000 plus costs in favor of Robert and Shirley McDaniel, entered in the *Waterford* lawsuit, is due to be granted.[6]  A separate judgment in conformity with these Findings and Conclusions will be entered contemporaneously herewith.

**DONE** this 28th day of December, 2009.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Of course, this court's declaration does not prejudice the rights of Robert and Shirley McDaniel, or any other parties who have an interest that would be affected by the declaration, as they are not parties to this proceeding.  *See* Ala. Code § 6-6-227 (1975).